13-1710
Lin v. Lynch

BIA
Balasquide, IJ
A089 468 694

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand sixteen.

PRESENT:
JOHN M. WALKER, JR.,
ROSEMARY S. POOLER,
BARRINGTON D. PARKER,
        *Circuit Judges*.

_____

XIAO JIE LIN,
        *Petitioner*,

        v.                                    13-1710
                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:          Robert Tsigler, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; John S. Hogan, Senior
                         Litigation Counsel; Nicole J.
                         Thomas-Dorris, Trial Attorney, Civil
                         Division, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiao Jie Lin, a native and citizen of China, seeks review of an April 18, 2013, decision of the BIA affirming a December 21, 2010, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Xiao Jie Lin*, No. A089 768 694 (B.I.A. Apr. 18, 2013), *aff'g* No. A089 768 694 (Immig. Ct. N.Y.C. Dec. 21, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Lin filed his asylum application in 2009; so, the REAL ID Act applies. REAL ID Act of 2005, Div. B of Pub. L. No.

109-13, 119 Stat. 302, 303 (2005) (codified at 8 U.S.C. § 1158(b)(1)(B)(iii)).  Under that Act, the agency may, in light of "the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether those inconsistencies go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).  The agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ reasonably relied on the inconsistencies between the testimony of Lin and his only witness, Father Andrew Tai.  Their testimony conflicted on three points: how often Lin attended church in China; his family's religious practices (or lack thereof); and where he was baptized for

3

the first time. Lin testified that he attended church in China only three times. Father Tai, however, testified that Lin told him he attended Catholic church services in China "frequently." Lin testified that his family was not religious, and submitted a letter from his father that said: "We . . . do not believe in the religion, and worried about his participation in the underground Church." Father Tai, however, testified that Lin told him that his family and relatives in China "go to church and attend their events." Lin testified that he was first baptized in New York. Father Tai, however, testified that he asked Lin to "re-study" Catholicism because Lin told him that he doubted his Chinese baptism ceremony was "correct."

These inconsistencies were "collateral or ancillary" to Lin's claim, which centered on his religious practice in the United States, not China. But after the REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). The IJ was within his discretion to deem the "cumulative effect" of the inconsistencies to be "consequential," and to find Father

4

Tai credible and Lin not credible. *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).

The IJ did not prevent Lin from explaining the inconsistencies between his own testimony and that of Father Tai. "[A]n IJ may not rest an adverse credibility finding on non-dramatic putative contradictions or incongruities in an alien's narrative without first giving the applicant a chance to reconcile the testimony." *Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir. 2006). The contradictions between Lin and Father Tai were dramatic. After Father Tai left the courtroom, Lin's attorney voiced concern "that Father Tai's testimony has now called into question my client's credibility" and explained that she called the priest only to testify to Lin's "U.S. attendance in church, not to test his past history." The IJ responded that Father Tai's testimony "impeached [Lin's] testimony in regards to his family members and that's . . . part of the record and I cannot ignore that." Lin's attorney considered calling additional witnesses, but decided against it. In her closing argument counsel did not explain the inconsistencies, but implored the IJ to focus on Lin's testimony and corroborating documents. On this record, the IJ did not run afoul of the *Ming Shi Xue* rule.

Having reasonably found that Lin failed to establish eligibility for asylum on credibility grounds, the agency did not err in denying withholding of removal and relief under the CAT, because these claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk